COMPASSIONATE COUNSEL
Kristopher Childers
3260 N Hayden Rd, Suite 210-1
Scottsdale AZ 85251
Telephone: 602 899 6103
kris@compassionate-counsel.com

Attorney for the Debtor(s)

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| *In re:* | Chapter 7 |
| **Marlys Schwartz,** | Case No.: **3:23-bk-09031** |
| Debtor(s). | **RESPONSE TO TRUSTEE'S OBJECTION TO DEBTOR'S EXEMPTIONS** |

COMES NOW, the Debtor, by and through counsel undersigned, and hereby responds to the Chapter 7 Trustee's Objection to Debtor's Exemptions. The Chapter 7 Trustee has objected to Debtor's claimed homestead exemption and bank account exemption found in A.R.S. § 33-1101 (A) as amended by Prop. 209. The Chapter 7 Trustee claims that Prop 209 exemptions only apply to debt incurred after December 5, 2022. The Prop 209 exemptions apply to all of the debts for all cases filed after December 5, 2022, no matter when the debt was incurred. *In re Kyle*, 510 B.R. 804, 819 (Bankr. S.D. Ohio 2014) (citing *Owen v. Owen*, 500 U.S. 305, 313 (1991)). *See also First National Bank of Omaha v. Seymour*, CV 2022-050856, March 8, 2023 (holding that the garnishment law in effect as of the date of service is the law to

1

be applied, regardless of when the debt was incurred, upholding the Prop 209 exemption of $5,000 for money in a bank account.)

<u>**MEMORANDUM OF POINTS AND AUTHORITIES**</u>

**I.     HISTORY**

    **A.  Bankruptcy History**

Debtor filed this bankruptcy on December 17, 2023, claiming the homestead and bank account exemptions. Mr. Warfield objected to Debtor's use of the increased exemption under Prop. 209 by claiming that the exemption "only appl[ies] to debts incurred after December 5, 2022". Mr. Warfield further argues that Prop 209 is unconstitutional due to vagueness, an issue currently before the Arizona Court of Appeals in Creditors' Bar v State of Arizona, No. 1 CA-CV-22-0765, and that the increased exemptions cannot be used until State courts have resolved that issue.

    **B.     Legislative History**

In 2022, voters passed Prop 209 which expanded Arizona's exemptions. Prop. 209 increased the homestead exemption from $250,000.00 to $400,000.00, and the bank account exemption from $300.00 to $5,000.00. In addition to statutory changes, Prop 209 also had two pieces of uncodified language as part of the bill: Section 8 stated that "[t]his act shall not be interpreted or applied so as to create any power or duty in conflict with federal law;" and Section 10 ("Savings Clause") stated that "[t]his act applies prospectively only. Accordingly, it does not affect rights and duties that matured before [December 5, 2023], contracts entered into before

2

Case 3:23-bk-09031-DPC    Doc 24    Filed 02/16/24    Entered 02/16/24 13:16:26    Desc
Main Document    Page 2 of 8

[December 5, 2023] or the interest rate on judgments that are based on a written agreement entered into before [December 5, 2023]." (*Id.* at 21.)

II. **ARGUMENT**

   **A. The Prop 209 exemptions apply to all of the debts for all cases filed after December 5, 2022, no matter when the debt was incurred.**

Mr. Warfield's argument that the increased Prop 209 exemptions only apply to debts incurred after December 5, 2022 is without merit. An Arizona trial court has already ruled that the Savings Clause does not limit how the garnishment statute is applied, holding that the garnishment law in effect as of the date of service is the law to be applied, regardless of when the debt was incurred; the same court held that the increased homestead exemption applies to debts incurred prior to the passage of Prop. 209. *See* Exhibit 1. Even if the Arizona courts were to rule otherwise, however, the bankruptcy court is not bound by state limitations on exemptions when the limitation is irreconcilable with the language and intent of the bankruptcy code, as is the case with the Savings Clause in Prop 209.

The bankruptcy code permits a state to opt-out of the federal exemptions, requiring debtors to use the state exemptions. §522 (b).[1] Although the states who opt out are granted "broad discretion" in defining the "nature and amount" of their state exemptions, this discretion is not limitless. *In re Kyle*, 510 B.R. 804, 819 (Bankr. S.D. Ohio 2014). The state's exemption law is applied "along with whatever other competing or limiting policies the [bankruptcy] statute contains." *Owen v. Owen*, 500 U.S. 305, 313 (1991). "[S]tate defined exemptions are merely the

---

[1] Unless otherwise noted, all statutory references are to sections of the United States Bankruptcy Code, 11 U.S.C. § 101 et seq.

backdrop upon which federal principles operate to render results consistent with bankruptcy policy (results often contrary to state law)." *In re Betz*, 273 B.R. 313, 323 (Bankr. D. Mass. 2002) (internal citations and quotations omitted). Mr. Warfield's assertion that Debtor must avow as to the date that every debt was incurred in order to qualify for Prop 209 exemptions conflicts with both the language and policy of federal bankruptcy law. Mr. Warfield's interpretation, therefore, is foreclosed both by the supremacy clause and by Section 8 of Prop 209 itself.

      **i. Bankruptcy Law prohibits limiting a debtor's exemption based on the date a debt was incurred in the way argued.**

Bankruptcy law limits how exempt property can be used to satisfy prebankruptcy debts. "Unless the case is dismissed," exempted property "is not liable during or after the case for any debt . . . that arose. . . before the commencement of the case" except in certain circumstances that are not present here. §522 (c). The deference granted to state exemptions in §522 (b) does not mean that a court is required to "first apply[] all the built-in exceptions to the state exemption statute." *In re Weinstein*, 164 F.3d 677, 683 (1st Cir. 1999). "The language of §522 (c) is unequivocal." *Kyle*, 510 B.R. at 818. Neither the opt out provision nor §522 (c) "state or imply that opt-out states can augment §522 (c) with their own state-created exceptions to exemptions." *Id.*

Multiple courts looking at this same issue have held that limitation like the Savings Clause-one that limits the exemptions to debt incurred after a certain date-directly contradicts §522 (c) because it limits the operative effect of the exemptions against some debts. The Savings Clause mirrors very closely a similar clause examined in *in re Kyle*. Ohio is an opt-out state, just

Case 3:23-bk-09031-DPC    Doc 24    Filed 02/16/24    Entered 02/16/24 13:16:26    Desc
Main Document    Page 4 of 8

like Arizona. *Id*. at 808. Just as the Savings Clause contains uncodified language stating that the exemptions only apply to debt incurred after a certain date, the exemption in *Kyle* contained a substantially similar limitation. *Id*. at 809. In *Kyle*, the bankruptcy was also filed after the modified exemption scheme became effective just as it was for Debtor. *Id*. at 808. Just as in *Kyle*, this court should uphold the Debtor's rights to use the new exemption amounts, no matter when her debt was incurred.

In reaching its conclusion, the *Kyle* court relied heavily upon the Supreme Court's reasoning in *Owen v. Owen*. *Id*. at 817-19. In *Owen*, the Supreme Court reviewed a homestead exemption from an opt-out state when the state specifically noted that the amended exemption amount would only apply to debts that were incurred after a specific date. *Id*. The *Owen* court proclaimed that federal law superseded the state's attempt to limit the amount of the homestead exemption based on the date that the debt was incurred. *Id*. While the Supreme Court analyzed the issue as it related to §522 (f), not to §522 (c) as being discussed here, the *Kyle* court correctly applied the principles from *Owen* to hold that federal law superseded the state limitations on exemptions. Due to the supremacy clause, the debtor in *Kyle* was allowed the exemption amounts based on his bankruptcy case was filed, not based on when the debt was incurred. As both the supremacy clause and section 8 of Prop 209 do not allow the uncodified text to conflict with federal law, this Court should follow the *Kyle* court's lead and overrule Mr. Warfield's objection to Debtor's exemption.

ii. **Bankruptcy policy prohibits limiting a debtor's exemption based on the date a debt was incurred in the way argued.**

A major policy of bankruptcy law is to treat similarly situated creditors uniformly. "[B]ankruptcy is a collective proceeding designed for the benefit of all creditors. The Bankruptcy

Code focuses on individual creditor rights only in its scheme of priority and nondischargeability." *In re Boucher*, 203 B.R. 10, 13 (Bankr. D. Mass. 1996). It is contrary to bankruptcy policy to unfairly discriminate between similarly situated creditors. *See In re Sperna*, 173 B.R. 654, 658 (B.A.P. 9th Cir. 1994). To parse out how many funds are distributed to an unsecured debt based only upon the exemption scheme that was in place at the time the debt was incurred would effectively treat similarly situated creditors differently, contradicting bankruptcy policy. "[I]n treating prepetition unsecured debts differently, the state laws also create a two tier system of distribution running afoul of the central bankruptcy policy that creditors of the same statutory class be treated equally." *Kyle*, 510 B.R. at 816. As the supremacy clause does not allow the states to supersede federal bankruptcy policy in bankruptcy, this Court should reject Mr. Warfield's objection to Debtor's exemptions.

**B. This Court should not delay Debtor's fresh start on the unproven hope that Prop 209 "might" be overruled by the Arizona courts.**

Lastly, Mr. Warfield argues that there is the possibility that the Arizona Court of Appeals or Arizona Supreme Court might find that Prop 209 to be unconstitutional, and therefore this Court should reserve judgment on the exemption issue. (CITE). An Arizona trial court has already ruled that Prop 209 is constitutional (*See* CV2022-015921), and Mr. Warfield has presented no reason to believe that ruling will be changed. He has not pointed to a single case where a similarly drafted law was deemed unconstitutional, but appears to ask that this case be put on hold "unless and until the state courts have resolved" the arguments set forth by the Creditors' Bar in CA-CV-22-0765. Mr. Warfield is essentially asking for an injunction in this

and hundreds of other cases without making a showing of possibility of success on the merits as required.

If this Court were to grant Mr. Warfield's objection, this case (and thousands of other cases) will be delayed for the years it may take for a case to make its way through the appellate process on only the Hail Mary hope that Prop 209 will be ruled unconstitutional. Debtor, meanwhile, will need to set aside thousands of dollars for years on the off chance that she might need to turn it over to the trustee instead of using the funds to secure her financial future. Debtor needs her fresh start promised by bankruptcy, and she needs it now. This Court should reject Mr. Warfield's objection to Debtor's exemptions on the basis that Prop 209 might be deemed unconstitutional.

**C. Conclusion.**

The exemptions passed by Arizona's citizen's as a part of Prop 209 are available to all debtors who file bankruptcy after December 5, 2022 regardless of when the debt was incurred.

THEREFORE, based on the foregoing, the Debtor respectfully requests that the Chapter 7 Trustee's Objection to the Debtor's Tax Credit Exemption be denied in its entirety.

RESPECTFULLY SUBMITTED this 16th day of February, 2024.

        /s/ Kristopher Childers
        Kristopher Childers
        Attorney for the Debtor(s)

Copy of the foregoing filed/emailed/served
this 16th day of February 2024:

Clerk of the Court
United States Bankruptcy Court
230 N. First Avenue Suite 101
Phoenix, AZ 85003

Terry A. Dake, Esq.
PO Box 26945
Phoenix AZ 85068-6945
Attorney for Lawrence Warfield, Chapter 7 Trustee

8