FILED
GARY L. HARRISON
CLERK, SUPERIOR COURT
7/7/2023 4:14:36 PM

ARIZONA SUPERIOR COURT, PIMA COUNTY

HON. CYNTHIA T. KUHN               CASE NO.    C20114665

                                   DATE:       July 07, 2023

MICHAEL K REILLY, ET AL.
    Plaintiffs,

vs.

PHILIP L CANALE, ET AL.
    Defendants/Garnishee(s)

---

**UNDER ADVISEMENT RULING**

**IN CHAMBERS RULING RE: APPLICATION FOR WRIT OF EXECUTION AND MOTION TO QUASH AND REQUEST FOR DECLARATORY RELIEF**

    Pending before the Court is Plaintiffs Sierra Pipeline, LLC, and Michael Reilly's (collectively "Reilly") Application for Writ of General Execution and Defendants Philip Canale, Terra Canale, and Cedar Vista Properties, LLC's (collectively "Canale") Motion to Quash and Request for Declaratory Relief. After the Court heard oral argument on May 26, 2023, the matter was taken under advisement, and this ruling addresses all pending issues.

    I. **BACKGROUND**

    On October 31, 2016, the Court entered a judgment in favor of Reilly and against Canale for $1,452,432.73, with 4.5% post-judgment annual interest accruing until the judgment is paid in full. Reilly duly recorded the judgment with the Pima County Recorder's Office the same day. The balance stands at $1,864,107.88 as of March 3, 2023. On March 3, 2023, Reilly filed an Application for Writ of General Execution ("the Writ Application") for the judicial sale of Canale's Pima County residence. Canale was served the writ on April 14, 2023. Both parties agree the property is Canale's primary residence and subject to Arizona's homestead exemption. However, the parties dispute the amount that can be claimed under the exemption. Central to the issue is Proposition 209, which was passed by Arizona Voters on November 8, 2022, and went into effect on December 5, 2022. As relevant to this case, Proposition 209 raised the homestead exemption amount from $250,000 to $400,000.

Joshua Weiner
Law Clerk

## II. DISCUSSION

Arizona statutory law allows a person to claim a homestead exemption on their primary residence:

> A. Any person the age of eighteen or over, married or single, who resides within the state may hold as a homestead exempt from attachment, execution and forced sale, not exceeding $400,000 in value, any one of the following:
>
> 1. The person's interest in real property in one compact body upon which exists a dwelling house in which the person resides.

A.R.S. § 33-1101(A)(1). Prior to the passage of Proposition 209, the homestead exemption was capped at $250,000. A.R.S. § 33-1101 (Amended December 31, 2021). Property subject to the homestead exemption is not exempt from involuntary sale in connection with "[a] recorded civil judgment . . . if the debtor's equity in the real property exceeds the homestead exemption." A.R.S. §33-1103(A). "The homestead exemption . . . automatically attaches to the person's interest in identifiable cash proceeds from the voluntary or involuntary sale of the property." A.R.S. § 33-1101(C). Proposition 209 did not amend A.R.S. § 33-1101(C).

### A. Proposition 209's Savings Clause

Reilly argues that Canale can only claim $250,000 for the homestead exemption because Proposition 209 went into effect on December 5, 2022—after the judgment was entered in favor of Reilly. Canale, on the other hand, argues that because the Writ Application was filed and served after the in-effect date of Proposition 209, he can claim $400,000 as his homestead exemption. Proposition 209 includes a "Savings Clause," which, in relevant part, reads:

> This act applies prospectively only. Accordingly, it does not affect the rights and duties that matured before the effective date of this act . . .[1]

Proposition 209, Sect. 9. Savings clause, in pertinent part. If the parties' "rights and duties" have "matured" before December 5, 2022, Canale's exemption is $250,000, whereas if they "matured" after December 5, 2022, Canale is entitled to an exemption of $400,000.

The Court's "primary objective in construing statutes adopted by initiative is to give effect to the intent of the electorate." *State v. Gomez*, 212 Ariz. 55, ¶ 11, 127 P.3d 873, 875 (2006). "The best indicator of that intent is the statute's plain language." *State v. Liwski*, 238 Ariz. 184, ¶ 5, 358 P.3d 605, 607 (App. 2015). Where ambiguity exists, the Court may use "secondary principles of statutory interpretation, such as 'the context of the statute, the language used, the subject matter, its historical background, its effects and

---

[1] Article 9 of Proposition 209, in full, states: "This act applies prospectively only. Accordingly, it does not affect the rights and duties that matured before the effective date of this act, contracts entered into before the effective date of this act, or the interest rate on judgments that are based on a written agreement entered into before the effective date of this act." The parties agree that the latter two exceptions, regarding contracts and interest rates on judgments, are inapplicable to the issues before the Court.

　　　　　　　　　　　　　　　　　　　　　　　　Joshua Weiner
　　　　　　　　　　　　　　　　　　　　　　　　Law Clerk

consequences, and its spirit and purpose.'" *Arizona Citizens Clean Elections Com'n v. Brain*, 234 Ariz. 332, ¶ 11, 322 P.3d 139, 142 (2014) (quoting *Wyatt v. Wehmueller*, 167 Ariz. 281, 284, 806 P.2d 870, 873 (1991)).

Each party posits differing views on what the "right and duties" in question are, along with when those rights and duties "matured." The Savings Clause simply follows the default rule in Arizona that laws are not retroactive. *See* A.R.S. §§ 1-244, 1-249. Similarly to Proposition 209's Savings Clause, Arizona law states "no right accrued is affected by the repealing act." A.R.S. § 1-249. An accrued right is "a matured right," and, for statutory rights, "is unaffected by repeal . . . only when all conditions necessary for its enforcement have occurred before the effective date of the repeal." *City of Apache Junction v. Doolittle*, 237 Ariz. 83, ¶ 17, 345 P.3d 138, 142 (App. 2015) (internal quotations omitted). A right that is "expectant and contingent" is not an accrued or matured right. *Id.* at ¶ 18, 345 P.3d at 142.

In *Apache Junction*, the State Legislature repealed a statute that allowed municipalities to fund redevelopment plans with the net increase in property taxes generated by the plans themselves. *Id.* at ¶ 2-7, 345 P.3d at 140. This scheme imposed an obligation on taxing agencies to allocate the net taxes as the agencies receive them into special funds for those municipalities. *Id.* Plaintiff municipalities sued to continue receiving allocations from multi-year redevelopment plans that were approved before the in-effect date of the repeal. *Id.* Those funds, according to the municipalities, were an "accrued" right protected by A.R.S. §1-249 once the plans were approved. *Id.* at ¶ 16, 345 P.3d at 142. The Court, however, found that any rights to the tax allocations were not mature, or "ripe for enforcement," at the redevelopment plan approval step. *Id.* at ¶ 18, 345 P.3d at 142. Instead, those rights were still "expectant and contingent" because they were reliant on future property values increasing and contingent on the taxes actually being collected. *Id.*

*Apache Junction's* analysis is helpful here because the judgment at issue and Arizona's homestead statute similarly create expectant and contingent rights. Arizona's homestead exemption "automatically attaches to the person's interest in identifiable cash proceeds from the voluntary or involuntary sale of the property." A.R.S. § 33-1101(C). A person holds their homestead exemption "by operation of law and no written claim or recording is required." A.R.S. § 33-1102(A). Where a judgment creditor elects for a judicial sale, the officer in charge of the sale cannot accept any bids that do not exceed the exemption amount plus any consensual liens with priority. A.R.S. § 33-1105. The text of the statutes indicates that until there is a successful sale, there is no matured right either by Canale for the exemption amount or by Reilly to the sale cash proceeds. Reilly's decision to have the judgment satisfied by the proceeds of a judicial sale is elective. As such, those rights are merely expectant and contingent. The Writ Application does not mature those rights either, as there still might

_____
Joshua Weiner
Law Clerk

not be a successful bid as required by §33-1105. Since conditions still need to be met for the enforcement of Reilly's rights in the proceeds of any judicial sale of Canale's residence, they are not "rights and duties that matured" before December 5, 2022.

For the above reasons, the applicable homestead amount is $400,000.

### B. Motion to Quash

Canale asserts that Reilly has the burden of a prima facie showing that the forced sale would produce sufficient proceeds to satisfy A.R.S. §§ 33-1101 and 33-1105. Reilly argues that the text of the statute fails to indicate any such requirement. When the text of the homestead statute lacks ambiguity, the Court cannot rewrite the statute on the argument that the legislature intended to draft it differently. *In re McLauchlan*, 252 Ariz. 324, ¶ 15, 502 P.3d 975, 977 (2022).

Canale argues that to allow the sale before any such showing would be a waste of public resources and additionally points to Arizona precedent requiring a plaintiff to exhaust all other state law remedies. *See Mounce v. Wightman*, 29 Ariz. 567, 571-72, 243 P. 415, 416-17 (1926). *Mounce*, however, was based on a prior version of the homestead statute which freed a homestead of any judicial lien upon the declaration of the homestead and in circumstances where the lien had attached allowing other collection remedies. *Id*. The current statutory scheme allows judgment liens on the homestead. *See* A.R.S. §§ 33-964(B), 33-1101, 33-1103. More importantly, the current homestead statute lacks mention of any prima facia showing requirement like the one Canale seeks. Additionally, the statute disincentivizes inefficiency by explicitly forbidding the judgment creditor from charging the debtor for costs resulting from an insufficient bid. A.R.S. § 33-1105. It would be improper for the Court to rewrite the statute to add this new requirement, especially when the statute already addresses the policy concern Canale claims justifies their proposed requirement.

For the above reasons, the Court finds that the homestead statute does not require any prima facie showing from Reilly for the judicial sale to move forward.

### III. CONCLUSION

Accordingly,

**IT IS ORDERED DENYING** Canale's motion that Reilly make a prima facie showing of the homestead's value.

**IT IS FURTHER ORDERED DENYING** Canale's motion to quash the Application.

**IT IS FURTHER ORDERED GRANTING** Canale's request for declaratory relief that the homestead amount is $400,000 and attaches automatically to the proceeds of any judicial sale of the homestead.

_____Joshua Weiner_____
Law Clerk

No further matters remain pending before the Court and judgment is entered pursuant to Rule 54(c), Ariz. R. Civ. P.

/s/
HON. CYNTHIA T. KUHN
(ID: 8fc46ca6-88ae-4989-86b5-a05457829cc3)


cc:  Alex Winkelman, Esq.
     Bernardo M Velasco, Esq.
     Charles R. Hyde, Esq.
     Melvin C. Cohen, Esq.
     Case Management Services - Civil
     Clerk of Court - Under Advisement Clerk

Joshua Weiner
Law Clerk