*TERRY A. DAKE, LTD.*
P.O. Box 26945
Phoenix, Arizona  85068-6945
Telephone: (602) 710-1005
tdake@cox.net

**Terry A. Dake - 009656**

Attorney for Trustee

**IN THE UNITED STATES BANKRUPTCY COURT**

**FOR THE DISTRICT OF ARIZONA**

| | | |
|---|---|---|
| In re: | ) | In Chapter 7 Proceedings |
| | ) | |
| MARLYS BACKUS SCHWARTZ; | ) | Case No. 3:23-BK-09031-DPC |
| | ) | |
| Debtor. | ) | |
| | ) | |

**TRUSTEE'S REPLY**

The trustee submits this reply in support of his objection at Admin. Dkt. No. 17 to the homestead and bank account exemptions claimed by the debtor under Prop. 209.  The trustee's reply is more fully set forth in and is supported by the following Memorandum Of Points And Authorities.

DATED February 17, 2024.

*TERRY A. DAKE, LTD.*

By /s/ TD009656
   Terry A. Dake
   P.O. Box 26945
   Phoenix, Arizona  85068-6945
   Attorney for Trustee

**1.	The Savings Clause Applies**

The debtor's response at Admin. Dkt. No. 24 contends that the savings clause contained in Prop. 209 cannot be applied in bankruptcy cases.  The debtor is wrong.

The debtor does not, of course, claim that Arizona is trying to subvert federal bankruptcy law by creating state law exemptions that

exceed the federal bankruptcy exemptions by hundreds of thousands of dollars. Yet, she bristles at the thought that those same lavish exemptions could come with limitations.

There is nothing in the Bankruptcy Code that prohibits Arizona from deciding what debts its exemptions apply to, any more than the Code can mandate what exemptions Arizona has to allow in the first place. If Arizona voters decide that elephants are exempt, and that houses are not, neither §522(c), nor any other provision of the Bankruptcy Code, renders those exemptions invalid in bankruptcy cases, or compels the State of Arizona to change its exemptions.

Congress expressly decided that those states where federal bankruptcy cases are filed should get to decide what exemptions are available, even if those exemptions are (a) different from the federal exemptions or (b) different from another state's exemptions. It is simply another instance of where an otherwise uniform law on bankruptcy is impacted by the state in which the bankruptcy case is filed.

Congress anticipated, and allowed, for local state law to be the rule of law for some things in a bankruptcy case. Exemptions are one of those rules of law. The fact that Arizona decided that these new exemptions would not be permitted with respect to pre-existing debts is not prohibited by §522(c) nor by any other provision of the Bankruptcy Code.

And, there are specific instances of such picking and choosing in the Arizona Revised Statutes. For example, Arizona law provides that personal property exemptions do not apply to secured debts. A.R.S. §33-1122. Likewise, the homestead exemption does not

2

apply to child support debts or spousal maintenance.  A.R.S. §33-1103(A)(3).  Yet, the debtor does not contend that those exceptions are superseded by the Bankruptcy Code, or that they subvert the Code.  Why then should the savings clause in Prop 209 be treated any differently?  It should not.

**2. In re Kyle**

The debtor contends that *In re Kyle*, 510 B.R. 804 (Bankr.S.D. Oh.2014) supports her use of the new exemptions despite the limitations of the savings clause.  It does not.

The *Kyle* court made it very clear that Ohio law contained an express provision regarding what exemptions would apply in a bankruptcy.  *Kyle* at pp. 809-810.  The *Kyle* court found that this statutory bankruptcy provision, and the failure of the new law to address it, was "significant" and prevented the court from concluding that the intent was for the law to apply both in and out of bankruptcy.  Id. at p. 810.

There is, of course, no similar "bankruptcy" provision in Arizona law.  Moreover, Prop 209 was presented to voters with the express limitation that it would not affect pre-existing rights and obligations.  Thus, there is no basis for this Court to conclude, as did the *Kyle* court, that somehow Arizona voters (who enacted Prop 209 by popular vote) intended for debtors in bankruptcy court in Arizona to enjoy greater rights than creditors in state court in Arizona.

The debtor also says that "multiple courts" have found that a saving clause like the one at issue here "directly contradicts §522(c)."  Yet, not surprisingly, the debtor's brief contains no

3

Case 3:23-bk-09031-DPC   Doc 25   Filed 02/17/24   Entered 02/17/24 11:44:55   Desc
Main Document    Page 3 of 8

citation to those cases. On the contrary, there is well reasoned authority that holds that §522(c) does not somehow trump state law. *In re Elmasri*, 369 B.R. 96, 100 (Bankr.E.D.N.Y.2007), *citing Davis v. Davis*, 170 F.3d 475 (5thCir.), *cert. denied*, 528 U.S. 822 (1999). The trustee reserves the right to brief the debtor's citations to contrary authority if they are ever supplied by the debtor.

Moreover, the savings clause at issue here does not in any manner interfere with §522(c). That statute simply provides that exempt property shall not be liable for any debt that arose before the commencement of the case. But, that begs question - to what extent is the property at issue in this case exempt? §522(c) does not purport to determine what is and is not exempt. It merely says that, if it is exempt, it is protected. §522(c) has nothing to do with this case.

The Ninth Circuit has made it clear that states have great latitude in crafting the exemptions that they wish to allow:

> Our conclusion is consistent with the holdings of other circuits, cited above, that a state that has opted out has considerable freedom in creating exemptions and eligibility requirements for those exemptions. We note in particular the Seventh Circuit's decision that a scheme of exemptions enacted by Illinois did not impermissibly conflict with the Bankruptcy Code or Congress' intent simply because the state exemptions provide "less solace to debtors" than the federal exemptions.

4

*In re Granger*, 754 F.2d 1490, 1492 (9thCir.1985); *see also In re Talmadge*, 832 F.2d 1120, 1126 (9thCir.1987) ("Instead, states are free to both create and limit exemptions for their residents."); Ford v. Konnoff (In re Konoff), 356 B.R. 201, 206 (9thCir.BAP2006)("the Supreme Court is clear that states have the authority to provide limited exemptions or not to provide exemptions at all. [Owen v. Owen, 500 U.S. 305, 308 (1991) ]. States have the authority "'to create whatever exemptions they elect,' even if they are less inclusive (or more restrictive) than the exemptions afforded debtors by the federal exemption scheme." Storer v. French (In re Storer), 58 F.3d 1125, 1128 (6th Cir.1995) (quoting Rhodes v. Stewart, 705 F.2d 159, 163 (6th Cir.1983)). There is nothing about the savings clause that violates any federal law.

### 3. In re Owen

Neither is this case controlled by *Owen v. Owen*, 500 U.S. 305 (1991), which the debtor also cites. Unlike THIS case, *Owen* was in fact a §522(c) case. In *Owen*, the debtor claimed his condominium exempt, and the bankruptcy court <u>allowed</u> the exemption, despite the creditor's objection ("The Bankruptcy Court .... sustained, over respondent's objections, his claimed exemption.") *Owen* at p. 307. As a result, when the debtor subsequently sought to avoid the creditor's judgment lien, §522(c) was implicated, since the property was, in fact and in law, exempt.

But, again, that's the question - is all of the property that this debtor has claimed exempt actually exempt? Until that determination is made, looking to §522(c) for an answer puts the cart

5

before the horse. *Owen* has no more to do with this case than does §522(c).

### 4. Alleged Unfairness To Creditors

The debtor feigns concern for her creditors, arguing that not allowing the full amount of the exemptions she claims would unfairly discriminate between similarly situated creditors.

First, if the debtor *really* cared about her creditors she would find a way to pay them instead of trying to discharge them in a Chapter 7 case while keeping hundreds of thousands of dollars of assets for herself.

Second, the debtor's proposed solution is that she get the full amount of the exemptions and that *all* of her creditors get nothing. How is that better? It isn't.

Third, the debtor has no standing to complain about how the creditors are treated. *Warth v. Seldin*, 422 U.S. 490, 499, 95 S.Ct. 2197, 2205, 45 L.Ed. 2d 343, 354-55 (1975) (a party "must assert his own legal rights and interests, and cannot rest his claim to relief on the legal rights or interests of third parties"). Once the exemptions are denied, and the non-exempt assets are recovered and liquidated, the trustee and the creditors can resolve who is entitled to receive what and why. But, letting the debtor keep everything to "save" the poor creditors from "unfair treatment" is, in and of itself, unfair treatment.

### 5. Fresh Start

The debtor complains that somehow her "fresh start" is impacted. It is not.

6

This exemption objection has nothing to do with the debtor's discharge and her "fresh start". No, this objection only deals with whether or not the debtor gets a head start by allowing the debtor to keep hundreds of thousands of dollars of assets while her creditors are shown the door empty handed. The debtor chose to file this case knowing full well that there was pending litigation over the viability of Prop 209 and the impact of the savings clause. Having voluntarily waded into the rushing waters, she cannot complain that she is swept up in the current.

**6. Pending State Court Litigation**

The constitutionality of Prop 209 is currently being litigated in the Arizona Court of Appeals. The plaintiffs' briefs in that litigation are attached to the trustee's objection and are incorporated by reference herein.

If the law is found to be unconstitutional, then none of the exemptions claimed under Prop 209 in this case can be allowed. This Court should either (a) defer this matter until the state court has ruled or (b) certify this issue to the Arizona Supreme court.

Just because one judge of the Superior Court has ruled in favor of Prop 209 is not binding on this Court. Nor does the fact that a state court may have found that Prop 209 is constitutional mean that the law is indeed constitutional. This Court is not bound by the decisions of the Superior Court. Moreover, an unconstitutional law is always unconstitutional, no matter how many times it may have been enforced in the past. Many laws are passed and enforced until someone finally takes the laboring oar to challenge the validity of the law

7

itself. That oar is already being pulled in this case. The briefs filed in the Arizona Court of Appeals demonstrate why Prop 2089 is unconstitutional. This Court should adopt that reasoning and find Prop 209 to be unconstitutional despite what any judges of the Superior Court may have concluded.

**WHEREFORE,** the trustee prays for the entry of an order denying the Prop 209 exemptions claimed in this case.

DATED February 17, 2024.

*TERRY A. DAKE, LTD.*

By /s/ TD009656
   Terry A. Dake
   P.O. Box 26945
   Phoenix, Arizona 85068-6945
   Attorney for Trustee

COPY e-mailed February 17, 2024 to:

KRISTOPHER CRAIG CHILDERS
COMPASSIONATE COUNSEL
3260 N HAYDEN RD. SUITE 210-1
SCOTTSDALE, AZ 85251
602-730-2095
Email: kris@compassionate-counsel.com

 /s/ TD009656

8